UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

|  |  |  |
|---|---|---|
| MICHAEL M. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-657 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| GRATTAN TOWNSHIP, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. §§ 1983, 1985. The case arises from a civil ordinance enforcement action brought by defendant Grattan Township against plaintiff in the state district court involving zoning violations. Among other defendants, plaintiff has named attorneys Ross Leisman and James R. Brown, as well as their law firm Mika, Meyers, Beckett & Jones. Attorneys Leisman and Brown represented the township in the state trial court and in subsequent appellate proceedings. Leisman, Brown, and Mika, Meyers, Beckett & Jones have moved to dismiss the complaint or for summary judgment, asserting prosecutorial immunity and other defenses. By order entered December 26, 2006 (docket # 9), this court directed plaintiff to file his response no later than January 26, 2007.

Rather than filing a response to defendants' dispositive motion, on January 23, 2007, plaintiff filed "objections" to the limited time afforded to him to answer the motion and a motion to extend the time for discovery and to answer. (docket # 19). Plaintiff's motion seeks time to complete discovery on certain alleged factual issues, including whether the moving defendants "are

indeed prosecutors or fakes." By order of reference issued on September 15, 2006, Chief Judge Robert Holmes Bell referred all nondispositive pretrial matters to me for decision, pursuant to 28 U.S.C. § 636(b)(1)(A). Upon review of plaintiff's objections and motion to extend time, I find that he is not entitled to the relief sought.

A party opposing a motion for summary judgment has no absolute right to additional time for discovery. *See Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003); *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). In order to invoke the court's discretion in this regard, a party opposing a motion for summary judgment must file a motion for additional time under Rule 56(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment and may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Rule 56(f), however, is "not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Lewis*, 135 F.3d at 409. Rather, the affidavit of the nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment. *See Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003). It is incumbent upon the nonmoving party to include within the affidavit a description of the discovery needed and an affirmative demonstration of how this discovery will allow the nonmoving party to rebut the motion. *See Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002).

Plaintiff has failed to meet the requirements of Rule 56(f).  He has not filed an affidavit of any kind, as required by the rule.  References in a brief to the need for more discovery do not qualify as a motion under Rule 56(f).  *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000); *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  Furthermore, even if the court were to construe the statements in plaintiff's brief as a proper Rule 56 motion and affidavit, they would be insufficient.

The factual issues for which plaintiff asserts the need for discovery are not material to the outcome of this case.  Plaintiff first asserts his need to conduct discovery on the question whether defendants Leisman and Brown were qualified to act as city attorneys.  In support of this assertion, he relies on a 1914 opinion of the Michigan Attorney General, which opined that a municipal mayor could not appoint an attorney for the city who was not an elector of the city.  A *township's* authority to hire a private attorney to prosecute ordinance violations, however, is conferred by MICH. COMP. LAWS § 41.817, which empowers the township board to employ an attorney to represent the township in civil and criminal matters involving violation of township ordinances.  The statute imposes no residence qualification.  Furthermore, on direct appeal of the district court judgment, the Kent County Circuit Court specifically found as a matter of state law that Mika, Meyers, Beckett & Jones was lawfully appointed to act as attorneys for the township (*see* Def. Ex. E at 4, appended to docket # 7).  As this issue was actually litigated in the state courts, plaintiff is bound by the state-court judgment on this issue under the doctrine of collateral estoppel.  *See Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 (6th Cir. 2003).

Plaintiff then asserts his belief that he was the victim of a conspiracy and retaliation in the state courts.  He does not identify, however, any item of discovery in connection with these

claims that might be necessary for him to meet the pending dispositive motion, which does not challenge the evidentiary basis for plaintiff's claims, but only their legal sufficiency in light of the doctrine of prosecutorial immunity and the holdings of the state courts.

Finally, plaintiff asserts his belief that the law allows him the absolute right to discovery before a dispositive motion is decided. As noted above, however, a party opposing a motion for summary judgment has no absolute right to additional time for discovery. *Wallin*, 317 F.3d at 564. Rather, the party has an affirmative obligation to demonstrate to the court how discovery might enable him to demonstrate a material issue of fact relative to the issues raised in the dispositive motion. Plaintiff has utterly failed to do so in the present case.

Plaintiff waited until the eleventh hour before seeking an extension of time in which to respond to the summary judgment motion. This suggests a lack of diligence and a desire to delay a prompt decision on the issues raised in the dispositive motion. Plaintiff has not advanced any substantial reason for further delay in this matter. The court will indulgently grant plaintiff an extension of time until February 9, 2007, in which to file a response to the pending summary judgment motion. After that time, the motion will be considered ready for decision.

Dated:  January 26, 2007                       /s/  Joseph G. Scoville
                                               United States Magistrate Judge