UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MICHAEL M. KENNEDY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-657 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| GRATTAN TOWNSHIP, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

Plaintiff, Michael M. Kennedy, brings this civil rights action against Grattan Township, officers and agents of the township, and state District Judge Steven R. Servaas pursuant to 42 U.S.C. §§ 1983 and 1985. The factual predicate for plaintiff's claims is an ordinance enforcement case brought in the 63rd District Court by Grattan Township to force plaintiff to remove thirty derelict vehicles from his property. Defendant Judge Servaas conducted a bench trial and ultimately entered judgment on behalf of the township and against plaintiff. The Kent County Circuit Court, Honorable James Redford, affirmed the district court judgment on direct appeal in two extensive written opinions. Thereafter, the Michigan Court of Appeals and Supreme Court denied leave to appeal.

Plaintiff initiated this action in September 2006, seeking an award of damages in the amount of $75,000 against all defendants, jointly and severally, in addition to an award of punitive damages and other relief. In addition to naming Judge Servaas and Grattan Township as defendants, plaintiff's *pro se* complaint named attorneys Ross Leisman and James R. Brown, attorneys in the law

firm of Mika, Meyers, Beckett & Jones, who acted as retained counsel for the township in the state-court proceedings.  The complaint also named members of the township board:  Lana Green, Paul Knoerl, Dennis Heffron, and Richard Herweyer, a board member and township supervisor.  Finally, the complaint named David Munson, an employee of the township.

      The first defendants to respond to the complaint were Leisman, Brown, and Mika, Meyers, Beckett & Jones, retained township attorneys.  Those defendants filed a motion for summary judgment, raising the defenses of prosecutorial immunity and collateral estoppel.  The summary judgment motion also raised the *Rooker-Feldman* doctrine.  By report and recommendation entered February 14, 2007 (docket # 25), Magistrate Judge Joseph G. Scoville recommended that the motion be granted and, further, that their motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988 be granted, on the ground that plaintiff's claims against the township's lawyers are "frivolous, unreasonable, and without foundation."  After issuance of the report and recommendation, defendants Grattan Township and Lana Green, David Munson, Richard Herweyer, Paul Knoerl, and Dennis Heffron (hereinafter the "Township Defendants") filed their motion for summary judgment (docket # 26), seeking dismissal on the same grounds discussed in the report and recommendation, as well as the additional grounds of legislative immunity, federal qualified immunity, and state immunity, and a motion for attorney's fees (docket # 28).  Plaintiff filed objections to the report and recommendation and, after being granted an extension of time by the magistrate judge to do so, a response to the dispositive motion of the Township Defendants.  As the issues raised by the report and recommendation and the motion by the Township Defendants are substantially interrelated, the court will consider all such issues in a single opinion.  The court must grant *de novo* review to timely objections of the dispositive recommendations of a magistrate judge, FED. R. CIV. P. 72(b); the

matters raised in the motion of the Township Defendants are governed by the familiar summary judgment standards summarized by the magistrate judge at pages 6 and 7 of the report and recommendation.

**Background Facts**

The essential facts are well-documented in the record and are not subject to dispute. Plaintiff owns real property situated within Grattan Township, Michigan. The township, represented by attorneys Leisman and Brown, began enforcement proceedings in the 63-1 District Court under the township's Uniform Ordinance no. 1, which regulates land use. The enforcement proceeding arose from the allegation that plaintiff was storing over thirty junk vehicles on his property, in violation of the ordinance. The enforcement proceeding was civil in nature.

Defendant Steven Servaas, a state district judge, conducted a bench trial on September 12, 2002. On September 27, 2002, he entered an order finding plaintiff responsible for violating the ordinance. The court conducted a further hearing concerning remedy and entered judgment on October 10, 2002, ordering plaintiff to pay $1,000 in fines and costs and requiring him to comply with the ordinance. Judge Servaas later taxed attorney's fees against plaintiff in the amount of $5,000 arising from plaintiff's filing of frivolous pleadings and motions. The district court's orders were affirmed on direct review by the Kent County Circuit Court in two written opinions dated December 31, 2003, and March 15, 2004. In these opinions, Judge James Redford of the Kent County Circuit Court affirmed the district court's findings of fact, upheld the statutory authority of the zoning enforcement officer and the township attorneys, and rejected all of plaintiff's

other legal and factual arguments. Both the Michigan Court of Appeals and Supreme Court denied discretionary review.

Plaintiff brought this civil rights action by filing a *pro se* complaint on September 11, 2006. Plaintiff's complaint names the township and its board and supervisor, as well as Judge Servaas and the township's attorneys. Plaintiff alleges that the ordinance was void and unconstitutional, that the ordinance was not properly enacted under state law, and that attorneys Leisman and Brown were not authorized to represent the township. Each of these claims were carefully analyzed and rejected in the appellate opinions of the Kent County Circuit Court. Additionally, plaintiff brings a claim under 42 U.S.C. § 1985 for conspiracy to violate his civil rights.

By report and recommendation entered February 14, 2007, Magistrate Judge Joseph G. Scoville recommended that the dispositive motion of attorneys Leisman and Brown be granted on the grounds of prosecutorial immunity, the *Rooker-Feldman* doctrine, and collateral estoppel. Plaintiff filed a timely objection to the report and recommendation. While the report and recommendation was pending, the Township Defendants moved for summary judgment, incorporating the grounds set forth in the report and recommendation and raising the additional grounds of federal and state immunity. Plaintiff has now filed a response to that motion as well. On *de novo* review of all issues, the court concludes that all moving defendants are entitled to summary judgment. Additionally, the complaint against Judge Servaas will be dismissed for failure to make service within the time allowed by Fed. R. Civ. P. 4(m), and defendants' motions for the assessment of attorney's fees will be granted.

**Discussion**

The thorough treatment by the magistrate judge of the issues in this case renders unnecessary a detailed reiteration of the legal principles governing this dispute. With regard to defendants Leisman, Brown, and Mika, Meyers, Beckett & Jones, PLC, the magistrate judge was clearly correct in concluding that all damage claims against them are barred by the doctrine of prosecutorial immunity. Even though the district court action was a civil ordinance enforcement matter, the township's attorneys are entitled to absolute immunity, because their duties were functionally analogous to those of a prosecutor. *See Cooper v. Parish*, 203 F.3d 937, 947 (6th Cir. 2000). Plaintiff's state-law challenge to the authority of Leisman and Brown to act as township attorneys was specifically rejected by the Michigan circuit court.

Likewise, defendants are clearly entitled to the benefit of collateral estoppel arising from the judgments of the state courts. This court is required to give those judgments the same preclusive effects as do the Michigan courts. 28 U.S.C. § 1738. All of the legal and factual matters that plaintiff attempts to raise in the present action were raised and rejected in the state courts. Against this conclusion, plaintiff raises two meritless objections. First, he asserts that not all of the defendants in this case were technical parties in the state-court action. This assertion is true, but irrelevant. Under Michigan law, where collateral estoppel is being used defensively, the mutuality requirement does not apply. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 850 (Mich. 2004). It is therefore not necessary that the defendants have been formal parties in the state district court case. Second, plaintiff argues that he did not have a full and fair opportunity to litigate these issues in the state courts. This assertion is belied by the state-court record now before this court, and especially by the careful analysis of Circuit Judge Redford.

The magistrate judge was likewise correct in concluding that the *Rooker-Feldman* doctrine bars all claims that arise from the district court judgment itself. Plaintiff's frontal attack on the judgment of the district court, his challenge to the order of the district court enforcing the township ordinance, and his objection to the imposition of fines and attorney's fees all run afoul of the *Rooker-Feldman* doctrine.

Finally, the court concludes that plaintiff has failed to state a claim for conspiracy under 42 U.S.C. § 1985. In count 2 of the complaint, plaintiff alleges that all defendants conspired with each other to prosecute and convict plaintiff without a valid ordinance and to deprive him of money and property rights, in violation of 42 U.S.C. § 1985(3). In order to state a claim under this statute, a plaintiff must allege a conspiracy designed to deprive a person or class of persons of the equal protection of the laws. This requires a showing that the conspiracy was motivated by racial, or perhaps some other class-based, discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Plaintiff has not alleged any such class-based animus. The Sixth Circuit has squarely held that landowners challenging land use regulation are not an adequate class for purposes of section 1985. *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992).

For the foregoing reasons, the court finds that defendants are entitled to judgment on all claims in plaintiff's complaint. As the foregoing reasons are adequate to support the entry of judgment, the court need not reach the claims of federal and state immunity asserted by the Township Defendants.

The record shows that defendant Servaas was not served with process in this case. Plaintiff merely mailed him a proposed waiver of service pursuant to Fed. R. Civ. P. 4(d). (*See* Notice, docket # 15). The notice was never executed and returned, necessitating formal service of

process. The record does not reflect that process has ever been served on Servaas, and the time for doing so under Rule 4(m) has expired. Although the court has discretion to extend this time for good cause shown, the court will not do so in this case, because a showing of good cause is not possible. It is patent from the face of the complaint that Judge Servaas has been sued because of his judicial rulings in the district court action in which he was trial judge. Claims against him would therefore be barred by the doctrine of judicial immunity. As formal service would therefore be futile, the court will not extend the time for service, but will dismiss the case against Judge Servaas for lack of service under Rule 4(m).

Finally, the court concurs with the magistrate judge that this is one of those rare civil rights actions in which attorney's fees should be taxed against a plaintiff pursuant to 42 U.S.C. § 1988. Plaintiff is attempting to enlist the federal court as a bludgeon against his former adversaries in the district court action, as well as anyone remotely connected with enforcing the ordinance against him. Having been given a full and fair opportunity to litigate his claims in the state courts, plaintiff should not be allowed to continue litigating the same issues *ad infinitum*. The court agrees that his claims in the present case are frivolous, unreasonable, and without foundation and that an award of attorney's fees under section 1988 is proper. Defendants are directed to file detailed affidavits in support of their applications for attorney's fees within fourteen days of the entry of judgment. Plaintiff is granted seven days thereafter in which to file objections. After resolution of all objections, the court will enter a separate judgment for fees and costs.

**Conclusion**

The motion of defendants Leisman, Brown, and Mika, Meyers, Beckett & Jones, PLC, for summary judgment (docket # 6) and of the Township Defendants for summary judgment (docket # 26) will be granted. Plaintiff's objections to the report and recommendation of the magistrate judge will be overruled, and the report and recommendation (docket # 25) will be adopted as the opinion of the court, as amplified herein. All claims against defendant Steven Servaas will be dismissed for failure to make service pursuant to Fed. R. Civ. P. 4(m). The motion of Leisman, Brown, and Mika, Meyers, Beckett & Jones, PLC (docket # 18) and of the township Defendants (docket # 28) for an award of attorney's fees will be granted, and a separate judgment will be entered after the court considers supporting and opposing affidavits relative thereto.

Date:   April 10, 2007                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE