UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| MICHAEL M. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-657 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| GRATTAN TOWNSHIP, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

By opinion and judgment entered April 10, 2007, this court granted judgment in favor of all moving defendants and determined that this was one of the rare civil rights actions in which taxation of attorney's fees against a plaintiff pursuant to 42 U.S.C. § 1988 was necessary as a deterrent against future litigation abuse. In accordance with the court's instructions, all moving defendants applied for attorney's fees. By report and recommendation entered May 15, 2007 (docket # 51), the magistrate judge determined that the application of Attorney Craig Noland, on behalf of the Township defendants, was reasonable under the lodestar analysis endorsed by both the Supreme Court and the Sixth Circuit. The magistrate judge therefore recommended an award of fees to the Township defendants in the amount of $3,688.00. The magistrate judge conducted a detailed analysis of the application of attorney Ronald Redick, made on behalf of the Mika, Meyers defendants, and found that the application was excessive in both hourly rate claimed and in the amount of time spent on the litigation. The magistrate judge recommended an award of statutory attorney's fees to the Mika, Meyers defendants in the amount of $4,830.00, a significant reduction

from the requested amount of $9,870.00. Neither moving defendant has objected to the report and recommendation, but plaintiff has lodged timely objections. This court reviews objections to the findings of a magistrate judge on dispositive matters *de novo*. FED. R. CIV. P. 72(b); 54(d)(2)(D).

Plaintiff does not object to the lodestar analysis conducted by the magistrate judge. Rather, he raises two essential objections. First, he asserts that attorney's fees should not be taxed because of his "limited ability to pay." (Objections, docket # 52, at 2). In support of this objection, he refers to his affidavit, which he claims establishes his inability to pay. The court has reviewed plaintiff's seventeen-page affidavit (docket # 49), which is principally devoted to a representation of the merits of his case. It is a gross misrepresentation to assert that the affidavit establishes plaintiff's indigence. In passing, plaintiff avers that he is 64 years of age (¶ 1). This allegation, accepted as true, does not necessarily establish an inability to satisfy a judgment. The affidavit also discloses that plaintiff owns fifty acres of land and that he owns collectible cars. Plaintiff has failed to establish that the taxation of fees in this case would work a hardship on him. As a legal matter, a party's inability to pay is not a proper factor to consider in determining whether to award attorney's fees. *See Wolfe v. Perry*, 412 F.3d 707, 723-24 (6th Cir. 2006). A person's ability to pay may, however, be used as a factor to determine the size of the award. *Id.* at 724. In the present case, plaintiff has not presented this court with evidence sufficient to support a finding that an award of attorney's fees totaling less than $9,000.00 would subject him to financial ruin. Furthermore, even if the award of fees would create somewhat of a hardship, that factor must be balanced against the clear need to deter plaintiff from relitigating his state-court zoning action *ad infinitum*. In the absence of a significant sanction, plaintiff will be undeterred from raising his frivolous arguments in future cases. In summary, after considering the sketchy financial information provided by

plaintiff, the court determines that plaintiff has not established grounds for a reduction in the amount of the recommended award.

Plaintiff's second objection is merely a reiteration of the allegations already reviewed and rejected by this court. Plaintiff persists in accusing his opponents of making false statements to the state circuit court and with having *ex parte* conferences with the judge. He asserts that the defendants "used unethical and unconstitutional conduct to win the state case." (Objections at 2). Obviously, plaintiff still has not absorbed the fundamental lesson of this case: state-court judgments are not subject to collateral attack on the basis of allegations of wrongdoing or unethical conduct by the loser's opponents. Rather than providing a ground for denying fees, plaintiff's persistence in raising meritless arguments underscores the need for deterrence in this case.

Having reviewed the report and recommendation *de novo*, the court concludes that the lodestar analysis performed by the magistrate judge is correct and should be affirmed. The court further concludes that plaintiff's objections to an award of attorney's fees, or to the amount thereof, are meritless. Judgment will therefore be entered on behalf of defendants in accordance with the report and recommendation.

Date:     June 6, 2007                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE